UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANDI-CRAFT COMPANY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV63 JCH |
| ) | |
| TRAVELERS CASUALTY AND SURETY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims or, in the Alternative, to Strike Defendant's Counterclaims or, in the Alternative, to Construe Defendant's Counterclaims as Affirmative Defenses Under Rule 8(c)(2), and Motion to Dismiss or Strike Defendant's Requests for Attorneys' Fees ("Motion to Dismiss," ECF No. 17) and Plaintiff's Motion to Strike Defendant's Affirmative Defenses or, in the Alternative, for More Definite Statement ("Motion to Strike," ECF No. 19), both filed on March 2, 2012. Both motions are fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Handi-Craft Company ("Plaintiff" or "Handi-Craft") manufactures Dr. Brown's baby bottles and other infant care products. (Complaint, ¶ 1). Plaintiff is a Missouri corporation with its principal place of business in Missouri. (Id.). Defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers") is an insurance company and Connecticut corporation with its principal place of business in Connecticut. (Id., ¶ 2).

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint (ECF No. 1). Defendant has filed an Answer disputing several of these facts.

Plaintiff purchased a "Wrap+ Policy" of insurance ("the Policy") from Defendant in 2008. (Id., ¶ 6). The Policy had effective dates of July 1, 2008, to July 1, 2009. (Id.). On September 5, 2008, Plaintiff was served with a Complaint in a civil proceeding filed against it by Whittlestone, Inc., in the United States District Court for the Northern District of California, Case No. CV-08-04193 SBA ("the Lawsuit"). (Id., ¶ 11). Plaintiff tendered the Lawsuit to Defendant on September 16, 2008. (Id., ¶ 12). By letter dated September 22, 2008, Defendant notified Plaintiff that Defendant refused coverage for the Lawsuit. (Id., ¶ 14). Plaintiff undertook its own defense against the Lawsuit and continues to defend itself against the Lawsuit. (Id., ¶ 16).

Plaintiff demanded Defendant defend and indemnify Plaintiff in the Lawsuit on several other occasions. (Id., ¶¶ 17-28). Defendant requested Plaintiff provide additional documents to enable Defendant to "further review coverage." (Id., ¶ 21). Plaintiff made several inquiries as to the status of Defendant's coverage review, and Defendant either failed to respond or indicated its response was forthcoming. (Id., ¶¶ 25-29).

Plaintiff filed this action in this Court on January 12, 2012, on the basis of diversity jurisdiction. Plaintiff's Complaint contains the following three counts: Count I alleges breach of contract, Count II alleges vexatious refusal to pay and vexatious delay, and Count III requests a declaratory judgment that Defendant has a duty to defend and indemnify Plaintiff in the Lawsuit. Defendant filed its Answer and Counterclaim for Declaratory Relief on February 10, 2012. (ECF No. 10). Defendant's Answer contains forty-five affirmative defenses, and Defendant's Counterclaim contains the following six counts based on exclusions in the Policy: Count I asserts the Policy excludes coverage under Exclusion A.6, Count II asserts the Policy excludes coverage under Exclusion A.7, Count III asserts the Policy excludes coverage under Exclusion A.14.d, Count IV asserts the Policy excludes coverage under Exclusion B.1.a, Count V asserts the Policy excludes

coverage under Exclusion B.1.c, and Count VI asserts the Policy excludes coverage under Exclusion B.2.

## STANDARD

I.     **Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). As a practical matter, such dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the Complaint that there is some insuperable bar to relief. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule 12(b)(6)).

**II.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Fed. R. Civ. P. 12(f).  "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms, 2009 WL 943552 at *2 (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

"A motion to strike should 'be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.'" Bartoe v. Mo. Barge Line Co., No. 1:07CV165, 2009 WL 1118816, at *1 (E.D.Mo. Apr. 24, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). "'Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" Champion Bank v. Reg'l Dev., LLC, No. 4:08CV1807, 2009 WL 1351122, at *4 (E.D.Mo. May 13, 2009) (quoting Lunsford, 570 F.2d at 229).  Motions to strike affirmative defenses "should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances.'" Champion Bank, 2009 WL 1351122, at *4 (quoting FDIC v. Coble, 720 F. Supp. 748, 750 (E.D.Mo. 1989)); Bobbitt v. Victorian House, Inc.,

---

[2]"These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations.  Immaterial claims are those lacking essential or important relationships to the claim for relief.  Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 n.3 (E.D.Mo. Apr. 6, 2009) (internal quotations and citations omitted).

532 F. Supp. 734, 737 (N.D. Ill. 1982) ("Matters labeled affirmative defenses should be stricken only where it is completely certain they have been mistitled.").

## DISCUSSION

### I. Motion to Dismiss

#### A. Dismissal/Striking of Counterclaim

Plaintiff argues Defendant's Counterclaim should be dismissed or stricken because it is duplicative of Plaintiff's claims and Defendant's affirmative defenses. Defendant counters that the allegations in Defendant's Counterclaim contain relevant issues that are not contained in Plaintiff's Complaint.

According to Plaintiff, when a "complete identity of factual and legal issues exist between the complaint (and answer thereto) and counterclaim, and a decision on the merits of the plaintiff's claims will render the request for declaratory relief moot, then the counterclaim should be dismissed as redundant." Amwest Sur. Ins. Co. v. Concord Bank, No. 4:00CV1988SNL, 2003 WL 553229, at *4 (E.D. Mo. Feb. 4, 2003) (citing Aldens v. Packel, 524 F.2d 38, 51-52 (3rd Cir. 1975)). Plaintiff argues that such a "complete identity of factual and legal issues" exists between Plaintiff's Complaint and Defendant's Counterclaim.

The Court disagrees that a complete identity of factual and legal issues exists and that Defendant's Counterclaim is redundant of Plaintiff's claims such that a decision on Plaintiff's Complaint will render Defendant's Counterclaim moot. Defendant's Counterclaim for declaratory judgment cites specific exclusions that Defendant alleges bar coverage under the Policy, while Plaintiff's Complaint asserts Defendant breached its contract with Plaintiff, asserts Defendant's refusal to pay was vexatious and unreasonably delayed, and requests a declaration that Defendant has a general duty to defend and indemnify Plaintiff. Contrary to Plaintiff's assertions, Defendant's

Counterclaim is not a "mirror image" of the allegations in Plaintiff's Complaint. Thus, the Court will deny Plaintiff's motion to dismiss Defendant's Counterclaim. See 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1406 (3d ed. 1990) ("...[T]he safe course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."). Similarly, the Court finds Defendant's Counterclaim is not redundant under Rule 12(f) of the Federal Rules of Civil Procedure, and the Court will not strike Defendant's Counterclaim on that basis.

### B. Construing of Counterclaim as Affirmative Defenses

In the alternative, Plaintiff argues Defendant's Counterclaim should be construed as affirmative defenses under Rule 8(c)(2) of the Federal Rules of Civil Procedure. Plaintiff asserts that, under Missouri law, an insurance policy exclusion is properly viewed as an affirmative defense. Defendant counters that since the viability of a counterclaim for declaratory relief is a procedural issue, this determination is governed by federal law and not Missouri law.

In Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 674 7 (1950), the United States Supreme Court, in dictum, noted the fact "that the declaratory remedy which may be given by the federal courts may not be available in the State courts is immaterial." Some lower courts have followed the Skelly dictum in holding that a federal diversity court's decision to entertain an insurance company's declaratory judgment action is a procedural matter determined by federal law. See, e.g., Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1332–33 (11th Cir. 1989), *abrogated by* Wilton v. Seven Falls Co., 515 U.S. 277 (1995); National R.R. Passenger Corp. v. Consolidated Rail Corp., 670 F.Supp. 424, 429 (D.D.C. 1987); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386–87 (10th Cir. 1978); Fidelity Nat'l Title Ins. Co. v. Captiva Lake Investments, LLC, 788 F.Supp.2d 970, 973 (E.D.Mo. 2011); Nationwide Mut. Ins. Co. v. Welker, 792 F.Supp. 433, 439-40

(D.Md. 1992); N. E. Ins. Co. v. N. Brokerage Co., 780 F.Supp. 318, 320 (D.Md. 1991); State Farm Fire and Cas. Ins. Co. v. Sweat, 547 F.Supp. 233, 239 (N.D.Ga.1982); M. Swift & Sons, Inc. v. Lemon, 24 F.R.D. 43, 45 (S.D.N.Y.1959); but see 118 E. 60th Owners, Inc. v. Bonner Properties, Inc., 677 F.2d 200, 202–06 (2d Cir. 1982) (declining to exercise declaratory judgment jurisdiction when granting relief would be counter to state's substantive statute of limitations policy).

The Court finds the ability of Defendant to pursue its Counterclaim is a procedural issue that is governed by federal law.[3] See Captiva Lake, 788 F.Supp.2d at 973 ("...[A] claim for declaratory relief in a diversity action presents a procedural matter....[T]he fact that state law prohibits a declaratory judgment claim 'is simply inapposite.'"). The Court will not look to Missouri law to determine if Defendant must plead its coverage defenses as affirmative defenses instead of as a Counterclaim. Therefore, the Court finds no basis for construing Defendant's Counterclaim as affirmative defenses and declines to do so.

---

[3]Even assuming the viability of Defendant's Counterclaim is a substantive issue, Plaintiff fails to provide any analysis to show Missouri substantive law generally applies to this action. A federal district court sitting in diversity jurisdiction must apply the rules of decision that would be applied by the courts of the state in which it sits, including the initial choice of the applicable substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Missouri choice-of-law rules follow the "most significant relationship" test found in Section 188 of the Restatement (Second) of Conflicts of Laws for claims concerning the breach of insurance policy provisions. Rias v. Safeco Ins. Co. of America, 594 F.Supp.2d 1090, 1095 (E.D.Mo. 2009) (citing Superior Equip. Co. v. Md. Cas. Co., 986 S.W.2d 477, 480 (Mo. Ct. App. 1998)). Under this test, the court balances several factors to determine which state has the most significant relationship to the action. Id. These factors include: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Id.
   Plaintiff fails to provide any analysis of the factors in Section 188 of the Restatement (Second) of Conflicts of Laws, and even if the Court found its evaluation of Defendant's Counterclaim was a substantive issue, at this time the Court cannot conclude that Missouri substantive law applies to this matter.

C.        **Dismissal/Striking of Request for Attorney's Fees[4]**

Plaintiff also argues Defendant's requests for attorney's fees should be dismissed or stricken since Defendant has pled no facts entitling it to attorney's fees. Defendant has not addressed this argument in its response to Plaintiff's Motion to Dismiss.

The American Rule regarding attorney's fees is that parties must bear their own attorney's fees absent a specific statutory provision shifting such costs. Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 876 (8th Cir. 1994). Although the Federal Declaratory Judgment Act "makes no express provision for an award of attorney's fees," Am. Family Ins. Co. v. Dewald, 597 F.2d 1148, 1151 (8th Cir.1979), the Eighth Circuit has not come to a consensus concerning whether attorney's fees are available for actions brought under the act. Compare Nat'l Union Fire Ins. v. Structural Sys. Tech., Inc., 964 F.2d 759, 763 (8th Cir.1992) (affirming a district court finding that the phrase "further necessary and proper relief" in § 2202 of the Federal Declaratory Judgment Act does not constitute statutory authority for attorney's fees as an exception to the general policy against the award of fees), with Dewald, 597 F.2d at 1151 (finding that "attorney's fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized by applicable state law for comparable actions").

Courts in the Eastern and Western Districts of Missouri have followed the approach adopted in Dewald and looked to Missouri law to determine whether attorney's fees should be allowed. See, e.g., Am. Home Assur. Co. v. Pope, 410 F.Supp.2d 849, 853 (W.D.Mo. 2006); Allstate Ins. Co. v. Estes, 118 F.Supp.2d 968, 974 (E.D.Mo. 2000). "The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of

---

[4]Plaintiff argues Missouri law, and not federal law, governs Defendant's claim for attorney's fees. The Court notes that the analysis of Defendant's claim for attorney's fees ultimately results in the application of Missouri substantive law regardless of whether the claim is analyzed under Missouri law or federal law.

his own attorney's fees (American Rule)." Mayor, Councilmen, & Citizens of City of Liberty v. Beard, 636 S.W.2d 330, 331 (Mo. banc 1982).

Section 527.100 of the Missouri Revised Statutes provides that, in declaratory judgment actions, "the court may make such award of costs as may seem equitable and just." Missouri courts have interpreted the term "costs" to include attorney's fees when "special circumstances" exist. Beard, 636 S.W.2d at 331 (citing Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1949)). "Correctly interpreted, the Bernheimer 'special circumstances' exception ... is narrow and must be strictly applied." Washington Univ. v. Royal Crown Bottling Co. of St. Louis, 801 S.W.2d 458, 469 (Mo. Ct. App. 1990).

The Missouri Supreme Court has held that special circumstances exist in the instance of fraud. See Miller v. Higgins, 452 S.W.2d 121, 125 (Mo. 1970). Thus, in a declaratory judgment action, a finding of fraud can satisfy the special circumstances needed to support an award of attorney's fees. Beckon, Inc. v. AMCO Ins. Co., No. 4:07CV2074, 2008 WL 3982059, at *2 (E.D. Mo. Aug. 22, 2008) (denying plaintiff-insured's motion to strike defendant-insurer's request for attorney's fees); see also Wiles v. Capitol Indem. Corp., 204 F.Supp.2d 1207, 1208-09 (E.D. Mo. 2002); Allstate Ins. Co. v. Estes, 118 F.Supp.2d 968, 974 (E.D. Mo. 2002); Employers Mut. Cas. Co. v. Tavernaro, 21 F.Supp.2d 1039, 1040 (E.D. Mo. 1998).

The Court finds Defendant has adequately pled special circumstances so as to survive Plaintiff's Motion to Dismiss. Defendant's counterclaim alleges that six exclusions in the Policy bar coverage for the Lawsuit, including exclusions for "any intentionally dishonest or fraudulent act or omission" and "gaining any profit, remuneration or advantage to which [Plaintiff] was not legally entitled." Defendant's Counterclaim also includes allegations that Plaintiff applied for liability insurance without disclosing the circumstances forming the basis of the Lawsuit despite Plaintiff's

awareness of these circumstances at the time the application for insurance was submitted. Viewing the allegations in Defendant's Counterclaim in the light most favorable to Defendant, the Court finds Defendant has included allegations of fraud so as to satisfactorily plead special circumstances. Thus, the Court finds Defendant has sufficiently pled its claims for attorney's fees.

## II.     Motion to Strike

Plaintiff argues all of Defendant's forty-five affirmative defenses should be stricken because they are insufficient as a matter of law.[5] In the alternative, Plaintiff argues Defendant should be required to file an amended Answer setting forth the factual bases for Defendant's affirmative defenses. Defendant counters that it will dismiss without prejudice all but eleven of Defendant's affirmative defenses, and that Defendant's remaining eleven affirmative defenses are sufficiently pled. Since Defendant has agreed to voluntarily dismiss thirty-four of its affirmative defenses, the Court will order the dismissal of these affirmative defenses without prejudice, and the Court will only address Plaintiff's Motion to Strike as it pertains to Defendant's remaining eleven affirmative

---

[5]Plaintiff argues the pleading requirements from Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), extend to pleadings of affirmative defenses. This question has not yet been addressed by any court of appeals. A majority of district courts that have considered the question have extended the Iqbal pleading standards to affirmative defenses when considering a motion to strike while a minority of district courts have rejected applying the heightened pleading standards to affirmative defenses. Lane v. Page, 272 F.R.D. 581, 589-90, n.5, 6 (D. N.M. 2011) (summarizing the decisions on both sides of the split among district courts); Shaw v. Prudential Ins. Co. of Am., No. 10-03355, 2011 U.S. Dist. LEXIS 29203, at *7 (W.D. Mo. Mar. 21, 2011). Courts deciding to extend the heightened pleading standards generally reason that affirmative defenses share the same notice function motivating heightened pleading standards in Twombly and Iqbal. See, e.g., Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D.Kan. Dec. 22, 2009). On the other hand, courts that have rejected this extension of the pleading standard to affirmative defenses note affirmative defenses are pled under Rule 8(c) of the Federal Rules of Civil Proceudre, which was not at issue in Iqbal. See, e.g., Lane, 272 F.R.D. at 591-96.
   In this case, the Court finds that its determination would not differ depending on the standard of review employed. Accordingly, the Court declines to decide whether the pleading requirements of Twombly and Iqbal extend to affirmative defenses.

defenses**.**  Therefore, the Court orders the dismissal, without prejudice, of the following affirmative defenses from Defendant's Answer: ¶¶ 47-50, 52-54, 56-59, 61-80, 83, and 86-87.

### A.   Affirmative Defense Forty-Five (¶ 91)

In Defendant's forty-fifth affirmative defense, Defendant seeks the right to amend or supplement its Answer to assert additional affirmative defenses after discovery.  (Answer, ¶ 91). Defendant asserts that this is a "reservation of rights to assert additional affirmative defenses based upon facts that might be learned in discovery."  (Travelers' Brief in Opposition to Handi-Craft's Motion to Strike Travelers' Affirmative Defenses, ECF No. 26, p. 2).  The Court finds this "affirmative defense" is insufficient as a matter of law.  See Lakeside Roofing Co. v. Nixon, No. 4:10CV01761 JCH, 2011 WL 2600421, at *2 (E.D.Mo. June 29, 2011).  If Defendant discovers an additional affirmative defense during the course of discovery, Defendant must petition the Court for leave to amend the answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  The forty-fifth affirmative defense (¶ 91) is stricken.

### B.   Remaining Affirmative Defenses (¶¶ 51, 55, 60, 81-82, 84-85, and 88-90)

The Court finds the remaining challenged defenses meet the pleading requirements of the Federal Rules of Civil Procedure.  Plaintiff has not provided a basis to strike Defendant's remaining affirmative defenses under  Rule 12(f) of the Federal Rules of Civil Procedure, as Plaintiff has not shown that the defenses raised are insufficient, redundant, immaterial, impertinent, or scandalous. See Fed.R. Civ. P. 12(f).  Plaintiff's allegations and Defendant's Answer, affirmative defenses, and Counterclaim all provide sufficient facts upon which Defendant bases its affirmative defenses.  Thus, Defendant's remaining ten affirmative defenses "present[]...question[s] of law and fact that the court ought to hear."  Lunsford, 570 F.2d at 229.  Finding that Defendant has adequately alleged its

remaining affirmative defenses (¶¶ 51, 55, 60, 81-82, 84-85, and 88-90), the Court will not strike them nor order Defendant to re-plead them.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims or, in the Alternative, to Strike Defendant's Counterclaims or, in the Alternative, to Construe Defendant's Counterclaims as Affirmative Defenses Under Rule 8(c)(2), and Motion to Dismiss or Strike Defendant's Requests for Attorneys' Fees (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses or, in the Alternative, for More Definite Statement (ECF No. 19) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this  25th  day of April, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE